UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMY GREENWALD, SONIA BROWN, ERIKA DENNIS, KAMESHA LEE, JASMINE NURSE, SHERILYN O'HARA, and ONTARIA READ, on behalf of herself and others similarly situated,

    Plaintiff,

v.

SEDGWICK CLAIMS MANAGEMENT SERVICES INC., a Foreign for Profit Corporation,

    Defendant.
_____/

CASE NO.:

**HYBRID RULE 23 CLASS and** FLSA **COLLECTIVE ACTION**

**JURY TRIAL DEMANDED**

## RULE 23 CLASS AND FLSA COLLECTIVE ACTION COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiffs, AMY GREENWALD, SONIA BROWN, ERIKA DENNIS, KAMESHA LEE, JASMINE NURSE, SHERILYN O'HARA, and ONTARIA READ ("Plaintiffs"), on behalf of themselves, and other similarly situated employees, by and through their undersigned counsel, and sue Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC. ("Defendant" or "Sedgwick"), and in support state as follows:

### Introduction

1. Plaintiffs are former and current employees of Defendant.

2. During the Class Period, Defendant misclassified Plaintiffs and similarly situated employees as exempt from overtime, and as a result, failed to pay Plaintiffs and all class members overtime.

1

3. Plaintiffs bring this instant action against Defendant, on behalf of themselves and a class of former, current and future employees who were similarly situated, to seek redress for Defendant's systematic and class-wide failure to pay overtime, and for all other damages requested herein.

### Jurisdiction and Venue

4. This Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a). The citizenship of Plaintiffs and Defendant is completely diverse. In this regard, and as more fully alleged below, Defendant is incorporated in Tennessee, and at all relevant times to this instant action transacted business in the State of Florida, and Plaintiffs are all citizens of different states than Defendant, they are all domiciled in different states than Defendant in that they reside in different states than Defendant and have an intent to remain indefinitely in these different states. In addition, the amount in controversy exceeds the sum or value of $75,000.00.

5. This Court also has subject matter jurisdiction of the Fair Labor Standards Act ("FLSA") claims pursuant to 29 U.S.C. § 216(b), *et seq.*, and 28 U.S.C. § 1331, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. At all times material to Plaintiffs' claims, Defendant has conducted substantial, continuous, and systematic commercial activities in this district.

### Parties

7. Plaintiff Amy Greenwald ("Plaintiff Greenwald") is and has been since the commencement of this action, a citizen of the United States and a citizen of Florida. Plaintiff

Greenwald has been domiciled in Florida since on or before the filing of this complaint and is still domiciled in the State of Florida. In this regard, she is an individual sui juris, who since the filing of the complaint in this action has resided and continues to reside in St. Cloud, Florida, and intends to remain in the State of Florida indefinitely.

8. Plaintiff Ontaria Read ("Plaintiff Read") is and has been since the commencement of this action, a citizen of the United States and a citizen of Georgia. Plaintiff Read has been domiciled in Georgia since on or before the filing of this complaint and is still domiciled in the State of Georgia. In this regard, she is an individual sui juris, who since the filing of the complaint in this action has resided and continues to reside in Dallas, Georgia, and intends to remain in the State of Georgia indefinitely.

9. Plaintiff Sherilyn O'Hara ("Plaintiff O'Hara") is and has been since the commencement of this action, a citizen of the United States and a citizen of Illinois. Plaintiff O'Hara has been domiciled in Illinois since on or before the filing of this complaint and is still domiciled in the State of Illinois. In this regard, she is an individual sui juris, who since the filing of the complaint in this action has resided and continues to reside in Ruma, Illinois, and intends to remain in the State of Illinois indefinitely.

10. Plaintiff Erika Dennis ("Plaintiff Dennis") is and has been since the commencement of this action, a citizen of the United States and a citizen of Texas. Plaintiff Dennis has been domiciled in Texas since on or before the filing of this complaint and is still domiciled in the State of Texas. In this regard, she is an individual sui juris, who since the filing of the complaint in this action has resided and continues to reside in Dallas, Texas, and intends to remain in the State of Texas indefinitely.

11. Plaintiff Kamesha Lee ("Plaintiff Lee") is and has been since the commencement of this action, a citizen of the United States and a citizen of Texas. Plaintiff Lee has been domiciled in Texas since on or before the filing of this complaint and is still domiciled in the State of Texas. In this regard, she is an individual sui juris, who since the filing of the complaint in this action has resided and continues to reside in Allen, Texas, and intends to remain in the State of Texas indefinitely.

12. Plaintiff Sonia Brown ("Plaintiff Brown") is and has been since the commencement of this action, a citizen of the United States and a citizen of Illinois. Plaintiff Brown has been domiciled in Illinois since on or before the filing of this complaint and is still domiciled in the State of Illinois. In this regard, she is an individual sui juris, who since the filing of the complaint in this action has resided and continues to reside in Chicago, Illinois, and intends to remain in the State of Illinois indefinitely.

13. Plaintiff Jasmine Nurse ("Plaintiff Nurse") is and has been since the commencement of this action, a citizen of the United States and a citizen of Illinois. Plaintiff Nurse has been domiciled in Illinois since on or before the filing of this complaint and is still domiciled in the State of Illinois. In this regard, she is an individual sui juris, who since the filing of the complaint in this action has resided and continues to reside in Chicago, Illinois, and intends to remain in the State of Illinois indefinitely. Plaintiff Nurse is registered to vote in Illinois and is currently employed by Defendant.

14. All Plaintiffs bring claims for unpaid overtime on behalf of themselves and for all current, former, and future employees who worked for Defendant throughout the United States as salaried exempt Appeals Specialists. ("FLSA Appeals Specialist Class").

15. Plaintiff O'Hara brings claims for unpaid overtime on behalf of herself when she was an Appeals Specialist, and for all current, former, and future employees who worked for Defendant throughout Illinois as salaried exempt Appeals Specialists. ("Illinois Appeals Specialist Rule 23 Class").

16. As Appeals Specialists, Plaintiffs processed disability claims for Defendant which had been denied but later appealed by the Claimant. Typical job duties include(d) reviewing information in the file; adding new medical information from the claimant to their file, forwarding the file to third party vendors for review, and scheduling evaluations.

17. Those similarly situated to Plaintiff also held the job title Appeals Specialist and processed disability claims for Defendant which had been denied but later appealed by the Claimant. Similarly, their typical job duties include(d) reviewing information in the file; adding new medical information from the claimant to their file, forwarding the file to third party vendors for review, and scheduling evaluations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiffs bring this action on behalf of themselves and all other current, former, and future salaried Appeals Specialists who are and/or were employed by Defendant for violations of the Fair Labor Standards Act. (herein referred to as "Appeals Specialist FLSA Class")

19. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

20. As used herein, the term "FLSA covered positions" refers to all current, former, and future salaried employees who held the job title of Appeals Specialist throughout the United States and who were and/or are employed during the relevant time frame for this FLSA action.

21. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiffs and other Appeals Specialists as defined herein, and exercised control over the wage, hours, and working conditions of Plaintiffs and the other Appeals Specialists.

22. Plaintiffs and similarly situated employees were classified as exempt salaried employees and were not paid time and one half for all hours worked in a workweek. Plaintiff and similarly situated employees regularly worked over forty (40) hours per week without being paid the overtime premium.

23. Plaintiffs and similarly situated employees who held the title "Appeals Specialist" performed similar job duties. Further, they were denied overtime wages because they were misclassified as exempt employees.

24. Defendant employs hundreds and/or thousands of employees who held the position titles of Appeals Specialist throughout the United States.

25. Other employees who worked for Defendant throughout the United States, and who are members of the FLSA collective class as defined herein and were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation.

26. At all relevant times Plaintiffs and the FLSA covered employees as defined herein are, and have been, similarly situated. Plaintiffs and the putative class members had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) willfully failing and refusing to pay them at the legally required one-and-one-half rate for work in excess of forty (40) hours per week; (2) willfully and inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that the Plaintiffs and similarly situated

employees were entitled to overtime pay; and, (3) willfully failed to keep records required by the FLSA.

27. Defendant knew or should have known that it misclassified these employees as Defendant has been sued for misclassifying employees who processed disability claims.

28. Upon information and belief, Defendant has also been investigated by the Department of Labor with respect to the same or similar type of position.

29. The claims of Plaintiffs stated herein are essentially the same as those of the other potential FLSA collective class members.

30. Plaintiffs and all other similarly situated individuals who held the position of Appeals Specialist have sustained damages from Defendant's failure to pay overtime compensation.

31. Plaintiffs will fairly and adequately protect the interests of the Class Members and have retained counsel experienced and competent in labor and employment law and class action litigation. Plaintiffs have no interests which are antagonistic to those of other Class Members.

32. Plaintiffs' claims are typical of the claims for the FLSA class of Appeals Specialists, in that they were performing the same and/or similar job duties; were misclassified as exempt from overtime under the FLSA; were paid a salary; worked more than forty (40) hours in a single work week; were not paid overtime; and, were harmed by Defendant's failure to pay the overtime compensation due and owing.

33. Collective Action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy, because it permits a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort.

## RULE 23 CLASS ACTION ALLEGATIONS

34. Plaintiff O'Hara brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and similarly situated employees in the state of Illinois.

35. Plaintiff O'Hara cannot yet ascertain the exact size of the Rule 23 class for Illinois, as such information is within the exclusive control of Defendant.

36. Plaintiff O'Hara will fairly and adequately protect the interests of the Class Members and has retained counsel experienced and competent in labor and employment law and class action litigation. Plaintiff has no interests which are antagonistic to those of other Class Members.

37. Plaintiff O'Hara's claims are typical of the claims for the Rule 23 Classes in that Plaintiff O'Hara and the Rule 23 Covered employees work(ed) for Defendant in Illinois in the position of Appeals Specialist performing the same and/or similar job duties as the putative class members; Plaintiff O'Hara and the Covered employees are and/or were misclassified as exempt from overtime under the applicable state laws and ordinances referenced herein; Plaintiff O'Hara and Covered employees are and/or were paid a salary; Plaintiff O'Hara and Covered employees work(ed) more than forty (40) hours in a single work week; Plaintiff O'Hara and Covered employees are and/or were not paid overtime; and, Plaintiff O'Hara and Covered employees are and/or were harmed by Defendant's failure to pay the overtime compensation due and owing.

38. The rights of Plaintiff O'Hara and Class Members involve common questions of law and fact which predominate over questions affecting only Plaintiff O'Hara and Class Members.

39. Class Action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy, because it permits a large number of injured persons to prosecute

their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort.

40. The Named Plaintiffs worked in various states, were performing the same and/or similar job duties, one (1) of which is able to bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Named Plaintiffs were performing the same and/or similar job duties, were misclassified, and were not paid overtime. Specifically, the Named Plaintiffs and all putative Rule 23 Class Members have claims under Illinois state laws and ordinances.

**COUNT I**
**FLSA Collective Action**
**Violation of the Overtime Provisions of the Fair Labor Standards Act**
**Appeals Specialists FLSA Class**

41. Plaintiffs bring this action on behalf and themselves and other similarly situated current, former, and future employees of Defendant, specifically employees titled Appeals Specialist, under the Fair Labor Standards Act for unpaid overtime.

42. Plaintiffs repeat and incorporate by reference as if fully set forth herein paragraphs 1 through 33 above.

43. At certain relevant times during their employment with Defendant, Plaintiffs held the position of Appeals Specialist, were classified as exempt, were paid a salary, and frequently worked in excess of forty (40) hours per workweek.

44. Plaintiffs are and/or were employees of Defendant as defined by 29 U.S.C. §203(e).

45. Plaintiffs were not exempt under any exemption pursuant to 29 U.S.C. §213.

46. Defendant is an employer as defined by 29 U.S.C. §.203(d).

47. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

48. As used in this Count the terms "FLSA Class" and "FLSA Covered" refers to all current, former, and future salaried employees of Defendant who held the job Appeals Specialist; who were and/or are employed during the relevant time for this instant FLSA action; who were and/or are classified as exempt and paid a salary; and, who work(ed) more than forty (40) hours per workweek.

49. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiffs and other FLSA Covered Appeals Specialists, and exercised control over the wages, hours, and working conditions of Plaintiffs and other Covered Appeals Specialists.

50. On a frequent basis throughout Plaintiff's employment with Defendant, Plaintiffs and other FLSA Covered Appeals Specialists frequently worked in excess of forty (40) hours per week but were not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times their regular rate of pay.

51. At all relevant times Plaintiffs frequently worked in excess of forty (40) hours per week, Defendant was aware of, and suffered or permitted the same.

52. Defendant employs hundreds and/or thousands of similarly situated employees throughout the United States in Appeals Specialist positions during all relevant time periods.

53. Other employees who worked for Defendant throughout the United States, and who are members of the class as defined herein were subjected to the same and/or similar policies and practices of being misclassified as salaried exempt and have sustained similar losses of compensation.

54. At all relevant times Plaintiffs and the FLSA Appeals Specialist Class Members, are, and have been, similarly situated, and have and/or had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices,

procedures, protocols, routines, and rules, including (1) willfully failing and refusing to pay them at the legally required one-and-one-half rate for work in excess of forty (40) hours per week; (2) willfully and inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that the Plaintiffs and other similarly situated employees were non-exempt and entitled to overtime pay; and, (3) willfully failing to keep records required by the FLSA. The claims of Plaintiffs stated herein are essentially the same as those of the other potential plaintiffs.

55. Defendant failed to pay Plaintiffs and other similarly situated employees, the required overtime rate, one-and-one-half times their regular rate, for all hours worked in excess of forty (40) hours per week.

56. Defendant willfully failed to keep proper records of all hours worked by Plaintiffs and all similarly situated employees, as required by 29 U.S.C. § 211(c), even though Plaintiffs and similarly situated employees are and/or were entitled to overtime compensation.

57. Defendant's failure to pay the required overtime rate was willful and/or the result of a common policy or plan that Plaintiffs and all similarly situated employees were subjected to, which resulted in Plaintiffs and similarly situated employees not being paid one-and-one-half times their regular rate for all hours worked in excess of forty (40) hours per week.

58. Due to Defendant's willful violation of the FLSA a three (3) year statute of limitation applies.

59. As a result of Defendant's violations of the FLSA, Plaintiffs and other similarly situated employees have suffered damages.

60. Plaintiffs retained Lytle & Barszcz, P.A., to represent them in this matter, and have agreed to pay said firm attorneys' fees for its services.

**COUNT II**
**Rule 23 Class Action**
**Unpaid Overtime under Illinois state law and municipal ordinance(s)**
**Appeals Specialist Rule 23 Class**

61. Plaintiff O'Hara brings this Rule 23 Class Action pursuant to Illinois state law on behalf of Appeals Specialists and repeats and incorporates by reference as if fully set forth herein paragraphs 1 through 33, and paragraphs 34 through 40 above.

62. Specifically, Plaintiff O'Hara brings this Rule 23 Class Action for unpaid overtime, on behalf of all current, former and future employees of Defendant who during the relevant time period under Illinois Law and Municipal Ordinances and Codes, held the job Appeals Specialist.

63. Plaintiff O'Hara and other similarly situated employees have claims under the Illinois Minimum Wage Law; the Illinois Wage Payment and Collection Act; the Illinois Attorneys' Fees in Wage Actions Act; and, the Chicago Minimum Wage Ordinance.

64. At certain relevant times during her employment with Defendant, Plaintiff O'Hara held the position of Appeals Specialist, was paid a salary, and worked in excess of eight (8) hour days and/or in excess of forty (40) hours in a workweek.

65. Plaintiff O'Hara was an employee of Defendant as defined under the Illinois Minimum Wage Law; the Illinois Wage Payment and Collection Act; and the Chicago Minimum Wage Ordinance.

66. Defendant is an employer as defined by the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. Sections 105/1, *et seq.*; the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. Sections 115/1, *et seq.*; the Chicago Minimum Wage Ordinance ("CMWO"), Section 1-24-10 of the Municipal Code of Chicago.

67. As used in this Count the terms "Rule 23 Class" and "Rule 23 Covered" refers to all current, former, and future salaried employees who held the job title Appeals Specialist, and who were and/or are employed during the relevant time-period in Illinois.

68. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff O'Hara and other Rule 23 Covered Employees, and exercised control over the wages, hours, and working conditions of Plaintiff O'Hara and other Rule 23 Covered Employees.

69. On a frequent basis throughout Plaintiff O'Hara's employment with Defendant, Plaintiff O'Hara and other Rule 23 Covered Employees worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours per week but were not compensated for all hours worked at an overtime rate.

70. Defendant employ(ed) hundreds of similarly situated employees as Appeals Specialists throughout the state of Illinois during the relevant time-period.

71. Other employees who worked for Defendant throughout Illinois, and who are members of the class as defined herein, were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation.

72. At all relevant times Plaintiff O'Hara and Appeals Specialists who work and/or worked in Illinois, are, and have been, similarly situated, and have and/or had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) failing and refusing to pay them at the legally required overtime rate; (2) inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that the Plaintiff O'Hara and other similarly situated employees were non-exempt and entitled to overtime pay; and, (3) failing to keep

regarding hours worked. The claims of Plaintiff O'Hara stated herein are essentially the same as those of the other potential Class plaintiffs.

73. Under Illinois law, a three (3) year statute of limitation automatically applies, and any tolling provided to Plaintiff O'Hara by Defendant would extend to all similarly situated employees consistent with Plaintiff O'Hara's tolling.

74. As a result of Defendant's violations of the laws of Illinois, Plaintiff O'Hara and other similarly situated employees have suffered damages.

75. Plaintiffs retained Lytle & Barszcz, P.A., to represent them in this matter, and have agreed to pay said firm attorneys' fees for its services.

**WHEREFORE**, Plaintiffs Read, O'Hara, Dennis, Lee, Greenwald, Brown, and Nurse, on behalf of themselves and all Class Members, respectfully pray that this Court:

a. Certify the FLSA Class of Appeals Specialists described herein;

b. Certify the Illinois Rule 23 Class as described herein; pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c. Toll any and all statutes of limitation consistent with any tolling agreements of the Named Plaintiffs have with Defendant, or in the alternative, toll any and all statutes of limitation for putative Plaintiffs' FLSA claims back to the filing of this Complaint;

d. Appoint Lytle & Barszcz, P.A. as class counsel;

e. Enter Judgment against Defendant in the amount of the Plaintiffs' and Class Members' individual unpaid overtime, statutory damages, actual and compensatory damages, liquidated damages, any other additional damages available under the law, and pre-judgment and post-judgment interest as allowed by law;

f. Award Plaintiffs and Class Members attorneys' fees and costs;

g. Declare the practices complained of herein unlawful;

h. Enjoin Defendant from continuing the practices found illegal or in violation of the rights of Plaintiffs and Class Members; and

i. Grant Plaintiffs and the Class Members such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on this 28th day of October 2021.

*/s/ Mary E. Lytle*
**Mary E. Lytle, Esquire**
Florida Bar No.: 0007950
**David V. Barszcz, Esquire**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ**
533 Versailles Drive, 2nd Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**